UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN CHARLES D'ANTONI, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2970** |
| **FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY, ET AL.** | **SECTION I** |

## ORDER AND REASONS

The Court has pending before it a motion[1] filed by W. Craig Fugate, Administrator of the Federal Emergency Management Agency ("FEMA"),[2] to dismiss plaintiffs' claims against the National Flood Insurance Policy ("NFIP") for lack of subject matter jurisdiction or, alternatively, for summary judgment. Plaintiffs filed an opposition.[3] For the following reasons, the motion is **GRANTED**.

This case arises out of alleged flood damage to plaintiffs' property in Covington, Louisiana, as a result of Hurricane Isaac.[4] Plaintiffs filed this lawsuit against both Fidelity National Indemnity Insurance Company ("Fidelity") and the NFIP, alleging underpayment of their flood claim.[5] Although plaintiffs' complaint is less than clear, the undisputed record establishes that Fidelity, not FEMA or the NFIP, issued plaintiffs' flood insurance policy as a Write-Your-Own ("WYO")

---

[1] R. Doc. No. 9.
[2] Plaintiffs named the NFIP as a defendant in their complaint. R. Doc. No. 1, at ¶ 2. The motion to dismiss is filed by the FEMA administrator who asserts that he is the only potentially proper defendant. R. Doc. No. 9-1, at 1 n.1. Plaintiffs do not respond to this point.
[3] R. Doc. No. 10.
[4] R. Doc. No. 1, at ¶¶ 6-7.
[5] R. Doc. No. 1, at ¶¶ 2, 9-10.

1

Program insurer and that Fidelity adjusted plaintiffs' claim.[6]

The law is abundantly clear that "WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that *the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.*" 44 C.F.R. § 62.23(g) (emphasis added); *see also Kronenberg v. Fid. Nat. Ins. Co.*, No. 07-4877, 2008 WL 631277, at *1 (E.D. La. Mar. 5, 2008) ("When *FEMA* denies claims under a standard flood policy, that *it* has issued, the injured policyholder may sue FEMA under a limited waiver of sovereign immunity.") (Vance, J.) (emphasis added). Accordingly, courts routinely dismiss claims asserted against federal agencies that actually arise out of policies issued by, and claims denied by, a WYO insurer, for lack of subject matter jurisdiction based on sovereign immunity. *See, e.g.*, *Fowl, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 12-283, 2012 WL 1886013, at *3 (E.D. La. May 23, 2012) (Barbier, J.) ("Because Fidelity, not FEMA, issued and made coverage decisions on the Policy, FEMA's immunity has not been waived as to the instant legal controversy; and the Court lacks subject matter jurisdiction to render a decision as to FEMA."); *Kronenberg* 2008 WL 631277, at *1-2; *Wiedemann v. Harleysville Mut. Ins. Co.*, No. 06-4723, 2006 WL 3462926, at *1 (E.D. La. Nov. 28, 2006) (Berrigan, J.); *Gumpert v. Allstate Ins. Co.*, 97-1531, at *3-4 (E.D. La. Aug. 26, 2007) (Schwartz, J.); *see also Bruno v. Paulison*, No. 08-0494, 2009 WL 377300, at *5-6 (D. Md. Feb. 12, 2009).[7]

---

[6]R. Doc. No. 6, at 1; R. Doc. No. 9-3, at 2-3.
[7]The record reflects that plaintiffs administratively appealed Fidelity's claim determination to FEMA as authorized by regulation and FEMA affirmed the determination. R. Doc. No. 9-3, at 3. But this administrative review is not a claim denial by FEMA and does not bring plaintiffs claims within any applicable waiver of sovereign immunity. *See Fowl, Inc.*, 2012 WL 1886013, at *4; *Bruno*, 2009 WL 377300, at *6.

The record is undisputed that Fidelity, not FEMA, issued the plaintiffs' flood insurance policy and adjusted their claim. In opposition to FEMA's motion, plaintiffs cite no law that remotely suggests how they can sue FEMA based on Fidelity's denial of their claim on a flood insurance policy issued by Fidelity.[8] Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED** and plaintiffs' claims against the National Flood Insurance Program are **DISMISSED**.

New Orleans, Louisiana, May 28, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. No. 10, at 1-3.